# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|                     Plaintiff, ) | |
| vs. ) | No. 06-05002-01-CR-SW-RED |
| DUSTIN LARSON, ) | |
|                     Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a Motion to Dismiss for Violation of the Petite Policy. As grounds, defendant asserts that he was charged in the Associate Circuit Court of Jasper County, with possession of methamphetamine. He pled guilty to this charge and received a five-year sentence on April 3, 2006. The defendant had previously entered a plea of guilty in November of 2005, to manufacturing of a controlled substance. Defendant asserts that probation imposed as a sentence in that case was revoked, as a result of the conduct which led to the April 3, 2006, sentence. Defendant asserts that at the time the probation was revoked, the Court was made aware that he was in possession of a firearm and that fact was considered by the judge in sentencing. It is that firearm, a .22 caliber rifle, which is the subject of the federal indictment.

The defendant is charged in the instant case with possession of a firearm by a felon and drug user. The firearm was recovered in a search of the defendant's residence, which occurred on May 31, 2005. Also recovered during that search was a quantity of methamphetamine. The methamphetamine is the subject of the state case, which resulted in the April 3, 2006, sentence.

The "Petite Policy" is an internal policy of the Department of Justice. It states that a

federal prosecution should not be based on substantially the same acts as were the basis for a prior state prosecution unless there is a compelling federal interest. *Thompson v. United States*, 444 u.s. 248, 248-49 N. 1 (1980) (per curiam)(citing *Petite v. United States*, 361 U.S. 529, 531 (1960)(per curiam)). The facts of the case at bar do not establish a violation of that policy. More importantly, however, is the fact that the policy confers no substantive rights on a criminal defendant. See *United States v. Leathers*, 354 F.3d 955, 962 & 962 n. 5 (8th Cir. 2004), cert.denied. 543 U.S. 844 (2004). Therefore, defendant can obtain no relief based on this policy.

      For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District court for the Western District of Missouri,

      RECOMMENDED that defendant's Motion to Dismiss for Violation of Petite Policy be denied.

      /s/ James C. England  
      JAMES C. ENGLAND, Chief  
      United States Magistrate Judge

Date: August 29, 2006